# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

**DERRICK DePRIEST,**

      **Plaintiff,**

v.                                                     Case 2:13-cv-02768-JDT-cgc

**PRESTRESS SERVICES, INC.,
CITY OF MEMPHIS (POLICE
DEPT.), and SHELBY COUNTY
DISTRICT ATTORNEY,**

      **Defendants.**

## REPORT AND RECOMMENDATION ON IN FORMA PAUPERIS SCREENING PURSUANT TO 28 U.S.C. § 1915 AND ON CERTIFICATION OF APPEALABILITY PURSUANT TO RULE 24 OF THE FEDERAL RULES OF APPELLATE PROCEDURE

Before the Court is Plaintiff Derrick DePriest's pro se Complaint (Docket Entry "D.E." #1), which must be screened pursuant to 28 U.S.C. § 1915 ("Section 1915") as Plaintiff is proceeding in forma pauperis. (D.E. #4). The Section 1915 screening has been referred to the United States Magistrate Judge for Report and Recommendation.[1] For the reasons set forth herein, it is recommended that Plaintiff's Complaint be DISMISSED pursuant to Section 1915 for failure to state a claim upon which relief may be granted and that leave to proceed in forma pauperis on appeal be DENIED pursuant to Rule 24 of the Federal Rules of Appellate Procedure.

---

[1] The instant case has been referred to the United States Magistrate Judge by Administrative Order pursuant to the Federal Magistrates Act, 28 U.S.C. §§ 631-639. All pretrial matters within the Magistrate Judge's jurisdiction are referred pursuant to 28 U.S.C. § 636(b)(1)(A) for determination, and all other pretrial matters are referred pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) for report and recommendation.

## I. Background

This case arises from allegations that Plaintiff was falsely arrested by the Memphis Police Department and subsequently prosecuted based upon what Plaintiff alleges to be false evidence. Plaintiff filed a Complaint for Violation of Civil Rights under 42 U.S.C. § 1983 on October 2, 2013, which alleged as follows:

> I was falsely accused and prosecuted of taking property for Prestress Services Inc. and was taken to jail from my house by Memphis Police. I don't know nothing about the company nor where they was located, they said they had my tag number but lied. The Memphis Police said they had my tag number also, but later proved that they also lied. Memphis Police said in trial they never did have my tag number but still arrested me. After 375 days in jail I was found not guilty in trial by 12 people. They had no probable cause to arrest me.

(Compl. at 2, ¶ IV).

## II. Section 1915 Screening

Pursuant to Section 1915, in proceedings in forma pauperis, notwithstanding any filing fee, or any portion thereof, that may have been paid, the Court shall dismiss the case at any time if the court determines that the allegation of poverty is untrue or that the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

To state a claim upon which relief may be granted, a pleading must include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Such a statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Pleadings and documents filed by pro se litigants are to be "liberally construed," and a "pro se complaint, however inartfully pleaded, must be held to a less stringent standard than formal pleadings drafted by lawyers." *Erickson*, 551 U.S.

at 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, "the lenient treatment generally accorded to pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)). The basic pleading essentials are not abrogated in pro se cases. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) A pro se complaint must still "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Barnett v. Luttrell*, 414 Fed. Appx. 784, 786 (6th Cir. 2011) (quoting *Ashcroft*, 556 U.S. at 678) (internal quotations and emphasis omitted). District Courts "have no obligation to act as counsel or paralegal" to pro se litigants. *Pliler v. Ford*, 542 U.S. 225, 231 (2004). District Courts are also not "required to create" a pro se litigant's claim for him. *Payne v. Secretary of Treasury*, 73 Fed. Appx. 836, 837 (6th Cir. 2003).

To successfully plead a Section 1983 claim, a plaintiff must allege (1) the deprivation of a right secured by the Constitution or laws of the United States and (2) the deprivation was caused by a person acting under color of state law. *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003). "A plaintiff may not proceed under § 1983 against a private party 'no matter how discriminatory or wrongful' the party's conduct." *Tahfs*, 316 F.3d at 590 (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)). The Sixth Circuit recognizes three tests for determining whether private conduct is fairly attributable to the state: (1) the public function test, which requires that the private entity exercise powers which are traditionally reserved for the state; (2) the state compulsion test requires proof that the state significantly encouraged or somehow coerced the private party, either overtly or covertly, to take a particular action so that the choice is really that of the state; and, (3) the nexus test, which requires a sufficiently close relationship, such as through state regulation or contract, between the state and the private actor so that the action may be attributed to the state.

3

*Tahfs*, 316 F.3d at 591 (quoting *Ellison v. Garbarino*, 48 F.3d 192, 194 (6th Cir. 1995)).

Defendant Prestress Services, Inc. ("Prestress") is a private company, and Plaintiff has not pled any facts suggesting that its conduct is fairly attributable to the state. Absent Plaintiff's failure to plead a deprivation caused by a person acting under color of state law, it is recommended that Plaintiff's Complaint be dismissed against Prestress pursuant to Section 1915 for failure to state a claim upon which relief may be granted.

As to Defendant City of Memphis ("City"), Plaintiff has not alleged any causal connection between a municipal policy of the City of Memphis and any constitutional deprivation. *See King v. Montgomery Cty. Sheriff's Dept.*, 10 Fed. Appx. 292, 293-94 (6th Cir. 2001) (dismissing complaint pursuant to Section 1915 for failure to allege causal connection). Thus, it is recommended that Plaintiff's Complaint be dismissed against the City pursuant to Section 1915 for failure to state a claim upon which relief may be granted.

As to Defendant Shelby County District Attorney, Plaintiff's Complaint does not reference any allegations against this Defendant; however, it appears to the Court that Plaintiff intends to allege that the Shelby County District Attorney's Office was responsible for prosecuting him, an action which Plaintiff alleges was based upon false accusations. Despite Plaintiff's allegations that he was prosecuted based upon false evidence, prosecutors are generally entitled to absolute immunity from suit under Section 1983. *Burns v. Reed*, 500 U.S. 478 (1991)*; Imbler v. Pachtman*, 424 U.S. 409, 418 (1976). Their absolute immunity extends to prohibiting "suits against prosecutors for initiating and conducting prosecutions." *Burns*, 500 U.S. at 485. Accordingly, it is recommended that Plaintiff's Complaint be dismissed against the Shelby County District Attorney pursuant to Section 1915 for failure to state a claim upon which relief may be granted.

4

**III. Certification of Appealability**

Upon the recommendation that Plaintiff's Complaint be dismissed pursuant to Section 1915, the Court must further consider whether it should be recommended that Plaintiff be allowed to appeal this decision in forma pauperis, should he seek to do so. Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal in forma pauperis must obtain pauper status under Rule 24(a). *See Callihan v. Schneider*, 178 F.3d 800, 803-04 (6th Cir. 1999). Rule 24(a)(3) provides that, if a party has been permitted to proceed in forma pauperis in the district court, he may also proceed on appeal in forma pauperis without further authorization unless the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis." If the district court denies the pauper status, the party may file a motion to proceed in forma pauperis in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). An appeal is not taken in good faith if the issue presented is frivolous. *Id.* It would be inconsistent for the district court does not warrant service on the defendants, yet has sufficient merit to support an appeal in forma pauperis. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983).

The same considerations that lead to the recommendation that the District Court dismiss the complaint in this case for failure to state a claim upon which relief may be granted also compel the recommendation that an appeal would not be taken in good faith. Accordingly, it is recommended that the District Court certify pursuant to Rule 24(a) of the Federal Rules of Civil Procedure that any appeal in this matter by Plaintiff is not taken in good faith and that leave to proceed in forma

5

pauperis on appeal be DENIED.  It is further recommended that, if Plaintiff files a notice of appeal, he must pay the $455 appellate filing fee in full or file a motion to proceed in forma pauperis in the United States Court of Appeals for the Sixth Circuit within thirty (30) days.

**DATED** this 7th day of March, 2013.

s/ Charmiane G. Claxton  
CHARMIANE G. CLAXTON  
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C).  FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**